PRETTYMAN PUCKETT v. JAMES DRAPER.

WARRANTY TITLE. *Upon failure of. Vendee's relief. Chancery jurisdiction.* Where land is purchased and a bond for title taken with general warranty, the vendor being insolvent and unable to make title, the vendee may, by bill in Chancery, have the contract rescinded, and collection of the notes for purchase-money enjoined.

Cases cited: Buchanan *v.* Alwell, 8 Hum., 516; Barnett *v.* Clark, 5 Sneed, 435.

---

FROM PUTNAM.

---

Appeal from the Chancery Court. B. M. TILLMAN, Chancellor.

JOHN P. MURRAY for Puckett.

ROBT. A. COX for Draper.

DEADERICK, J., delivered the opinion of the Court.

The bill in this case was filed on the 7th of September, 1868, in the Chancery Court at Cookville. It alleges that defendant had obtained a judgment against complainant on a note of $200, before a Justice of the Peace, from which judgment complainant had appealed to the Circuit Court of Putnam county, where the cause was then pending. That the note was for a tract of land of one hundred and one acres, partly in DeKalb county and partly in Putnam, the defendant binding himself in a bond for title to make or cause

to be made a good warranty title to said Puckett upon the payment of said note. The title bond is exhibited with complainant's bill. The bill charges that said Draper had no title to said land, and never had any right to said land; that the sale of the complainant was fraudulent, and should be rescinded. The bill further charges that Draper is insolvent, and that if he is permitted to collect the note at law, complainant will be without remedy.

The bill prays that the suit at law be perpetually enjoined, and the sale of the land rescinded. The defendant demurred to the bill, and the demurrer was sustained and the bill dismissed, and complainant appealed to this Court.

The grounds of demurrer are:

1. That the bill does not allege that the defendant bound himself in his title bond "to cause" the title to be made, etc., but simply alleges that he bound himself to make the title, whereas the title bond, which is exhibited with the bill, stipulates that defendant is bound to make, or cause to be made, a title, etc.

The defect in the bill is the omission of the allegation that defendant was bound to "cause to be made," etc.

2. That the complainant may plead and rely upon the defence at law that there was no consideration for the note, and that his remedy at law is unembarrassed.

We are of opinion that the allegations of the bill negative the ability of complainant to make or cause to be made a "good warranty title," alleging, as it does,

that he has no right or title to the land sold. And that the complainant has not an unembarrassed remedy at law. The bill prays for a perpetual injunction against the prosecution of the suit, and a rescision of the contract of sale of the land, and upon the allegations of the bill being sustained by proof, complainant is entitled to this relief. 5 Sneed, 435; 8 Hum., 516.

The decree of the Chancellor sustaining the demurrer and dismissing the bill is erroneous and is reversed, and the cause will be remanded to the Chancery Court for answer and further proceedings. The costs of this Court will be paid by defendant.